Case number 18-3031 and 3145 USA v. Aundre Davis In case number 18-3039 USA v. Lorenzo Young to be submitted on briefs Mr. Nunnery, you may proceed Thank you. May it please the court, government's counsel, my name is Jeffrey Nunnery I'm here on behalf of the appellant in Cross-Appley, Aundre Davis I would like to reserve seven minutes of my time for rebuttal and to respond to the government's appeal Alright The appellant raises two issues in his brief, arguing that his sentence was procedurally unreasonable First, the ascribing of an enhancement for undue influence over the victim in this case It's our position that guideline 2G1.3B2B does not apply in this case It's distinguishable from the Bivens case cited by the government in that the relationship between Mr. Davis and the victim in this case was short-lived It spanned approximately five days and Bivens it spanned, I think, close to a year The evidence of trial indicates that the victim and her sister contacted Lorenzo Young after he had reached out to them two months prior Reached out to Mr. Young, advising that they were interested in getting back into the prostitution business and asking for his assistance in that regard The victim did not even meet Mr. Davis until Mr. Davis got into a car when the victim and her sister went to pick up Mr. Young at his residence The victim and her sister thought they were going to be turning tricks in Van Wert, Ohio When Mr. Davis and Mr. Young got into their car, they instructed them to proceed to Fort Wayne There were acts occurring on a night The following day, the victim returned with Mr. Davis to Lima, I believe They went back to Fort Wayne the following night More tricks were turned, and I think it was three days later when Mr. Davis and Mr. Young were apprehended after the victim had turned another trick in Lima for Mr. Davis It's clear that the victim would have engaged in prostitution without Mr. Davis' assistance She thought she was going to be going with Mr. Young to Van Wert She was going to turn tricks regardless whether it would be at Van Wert, Fort Wayne, Cincinnati, San Diego It wouldn't have mattered She was intending to engage in prostitution That was her choice Let me ask you about that I don't have any cases for purposes of reference here I'm just wondering if an underage victim can ever be deemed to have willingly engaged in this kind of activity The underlying legal policy places an underage victim in a special category I don't know if we should say that they have free will to be deemed to have voluntarily participated in this kind of illegal activity What would you say to that? The guideline in question entails a rebuttable presumption of undue influence where the age of the perpetrator is greater than 10 years than the victim And here it was greater than 10 years 17 years That would be fine if the victim was of age but an underage person presumably is a child who doesn't have the decision-making capacity so that even if the person appeared to be willingly participating why should the law deem the person to have willingly participated? Well, the guideline says in determining whether the enhancement applies the court must closely consider the facts of the case to determine whether the influence compromised the voluntariness of the behavior But there's no voluntariness if the person is underage is what I'm saying The person is not a decision-making adult The person is underage and doesn't have legal capacity and presumably doesn't have decision-making capacity I would respond that that's merely a presumption The victim in this case was close to majority She had an infant child She does not appear from the facts to have been influenced to engage in behavior that she was not otherwise predisposed to engage in whether she is of majority or not The guideline says to consider the facts carefully and to consider whether the actions of the perpetrator compromise the voluntariness of the behavior As I said, the victim in this case was going to engage in prostitution with the assistance of Mr. Young and that's what she thought she was going to do but for the fact that Mr. Davis entered the vehicle upon picking up Mr. Young at his residence In her mind, she was going to engage in that behavior regardless So Mr. Davis could have never even entered the picture and the facts would probably be very similar She would probably have gone to Fort Wayne, engaged in tricks and did the behavior that she did What do the facts of the situation indicate about whether your client knew or realized or should have known that the victim was underage? Well, probably by looking at her Although again, she was close to majority There was a female, I forget her name, who was assisting in Fort Wayne She was taking pictures of the victim and her sister posting them online, trying to attract customers And the female who was assisting at first was reluctant to even take pictures and post them because she thought that SS, the victim in this case, looked too young So there were red flags But that's really not the issue The issue is, was the voluntariness of her conduct overcome by the presence and the influence of Mr. Davis? And we submit under these facts, it clearly was not She was going to do what she was going to do regardless of whether he was there Well, she couldn't have done it without a perpetrator That would have been Mr. Young She was planning on going to turn tricks with Mr. Young Mr. Davis just happened upon the scene He just happened to be there Shared in, I guess, some of the illicit profits He was just a bystander or something like that More than a bystander But her intent to do what she was going to do was already formulated He didn't contribute to that formulation of that intent at all It was already there And so we don't think that the undue influence enhancement is properly applied in this case The other issue that we raised was the government objected to not grouping to grouping the offenses together The probation officer had not grouped them Again, this was conduct that was one chain of events within five days There's not separately identifiable harm in our view Isn't that, though, the same thing as the guidelines example of a single victim being raped across time and those are grouped, aren't they? I mean, isn't that 3D12, isn't that the example and isn't that comparable to what happened here? I think so See, I'm out of time I'd like to reserve my remaining time I've got a question Just a moment Judge Griffin, do you have something? Yeah, the government also objected to the failure of the PSR to include an enhancement for obstruction of justice Yes Are you familiar with that? If we were to remand for resentencing would the district court consider that issue of whether there should have been an enhancement for obstruction of justice? I think that issue was considered, Your Honor, and rejected Is it in front of us on appeal or not? I don't think that it is I don't think that it's been made out in the briefs All right, thank you Good morning, Your Honors May it please the Court My name is Laura Ford and I'm here on behalf of the United States Your Honors, the district court did correctly calculate Davis' guideline range But the government is nevertheless asking this court to reverse and remand Davis' sentence for reimposition of the original guideline life imprisonment sentence because it was proper and valid at the time it was imposed It was only later that the district court changed its mind reopened the concluded sentencing hearing and imposed a different sentence in a manner in which is not permitted by Rule 35A But it was prior to entry of the judgment Correct, Your Honor Why from a policy basis can't a judge rethink her decision before entering the judgment and decide that a different sentence is appropriate? Well, the Rules Committee for the Federal Rules of Criminal Procedure has made a policy judgment that there is an institutional interest in finality of sentencing and so it's simply not permitted unless there are specific circumstances Rule 35 Rule 35, correct That's a correction, not a rethinking of the basic job of the judge to determine what is appropriate and not overly not too long a sentence or too short a sentence for this particular crime Correct So help me with the policy here if the judgment has not been entered I understand that there's a fair amount of case law leaning that way Correct Well, there's an institutional interest in sentence finality and it would wreak chaos on the system if a judge could simply rethink a sentence any time before the judgment was entered It would invite the parties to ask the court to reconsider factors that had already been considered The Rules Committee has made a policy judgment for the court and limits it to specific circumstances and certainly if the court was unsure of how it was factoring the 3553A circumstances in this case it could have delayed sentencing and continued it and it knew it had that option because it exercised that option on October 31st when it needed additional time to consider the government's argument about grouping which is at page ID 2812-13 I think the fact that the court did not exercise that option once again indicated that the court had fully considered the 3553A factors and had made a determination about an appropriate sentence in this case I'm going to jump to the guideline calculations and then I'll readdress the issue as to the appropriateness of amending the sentence First, with respect to the grouping of the offenses the court correctly divided the offenses into three separate groups The first group was for conspiracy, the transportation, and the sex trafficking that occurred on January 25th That conduct occurred on a single day and then was over when the defendant took the victim back from Indiana to Ohio She was safe at home and then he picked her up that night on the 26th transported her back from Bluffton, Ohio which is a small village to a large city in Indiana about an hour and 15 minutes away and reintroduced her to this activity Sex trafficking occurred on that night and then there was a three day break and then she reengaged in that activity In each of those instances there was a distinct temporal break in which the victim was re-exposed to harm This case, the court's decision to group these offenses in three categories is supported by the Fifth Circuit's Wise decision which was cited favorably by this court in Bivens Wise involved the production of child pornography There, there were two instances where the images were separated by one day and then three days The court only grouped the child pornography production that occurred on the same day and then counted separately each time the videos were separated by one day In some instances there was an eight or nine day difference but there was two instances where there was only one or a three day difference and the reason why the court did that was because the victim was exposed to a separate harm The Bivens case also is instructive and it was not dependent on the length of the relationship between the defendant and the victim as Davis suggests There the defendant did engage in abusing the victim over a weekend and then reengaged in that conduct two months later which admittedly is a longer period than our case but the question there was whether the victim was re-exposed to a separate harm and that's what we have here The victim was exposed to a different harm on the 26th because the conduct had ended when she was at home Then she was transported and reintroduced to this activity and then there was a three day break Based on example 5 of application note 4 to guideline 3D1.2 that instructs that where the defendant is convicted of raping the same victim on different days the court properly separated these as separate harms It was not a single course of conduct And notably the application note says days, not weeks or months as Davis would seem to suggest The fact that these events were alleged as overt acts and the conspiracy doesn't change the outcome it doesn't make the outcome illogical In fact it's fully consistent with application note 8 to guideline 3D1.2 which instructs that where the defendant is convicted of conspiracy to commit several substantive offenses and also is convicted of those substantive offenses group 1 is the conspiracy in the first substantive offense and then the remaining substantive offenses are determined by guideline 3D1.2 which gets back to example 5 for raping the same victim on different days Because there are three distinct episodes of conduct the court properly counted them separately The court also properly applied a guideline enhancement for undue influence There is a presumption in favor of this enhancement where there is a 10 year difference or more between the defendant and victim and here we have a 17 year difference between the defendant and the 16 year old drug addicted victim This court in Willoughby and Farmer has made clear that the enhancement is not limited to circumstances where there is force, fraud or coercion It includes manipulating or preying upon a victim's vulnerable status which here you have the age, the defendant is twice her age she's taking a 50% cut of her earnings and you have her drug addiction With respect to her age, I know Judge... What actual findings did the court make on that enhancement? The court found that Davis had not rebutted the presumption based on the age difference and it adopted the government's reasoning in the sentencing memorandum The only factual finding was the 16 years difference in age? It was, as well as the government's reasoning in the sentencing memorandum which was based on also the age and the drug addiction This victim was so desperate for drug money that she brought her infant child with her The record reflected that the child stayed in the car with her sister in January when she's with a customer And she specifically states in her victim impact letter that her mind was altered from drug abuse that the defendants knew this, that she was vulnerable But she didn't testify to that, isn't that correct? That the undue influence argument does not grow out of any of her testimony? Well, that was not an element that we had to prove for the purposes of the charged crime But she certainly stated that in her victim impact letter which had an indicia of reliability and notably the defendant did nothing to rebut that letter He states instead that the presumption doesn't apply because she was willing and she had participated in this activity before But notably being willing to do so, being inclined to do so and actually doing so are two different things She wasn't on a corner in Bluffton, Ohio engaging in this activity And when she had previously engaged in this activity it was at the direction of her mother Now the time that she's re-engaged in this activity notably it's again with someone directing it who's substantially older than her Your opposing counsel argues that her initial contact was with Mr. Young, correct? And then she re-contacted Mr. Young? Correct What is the additional factual support in the record for undue influence other than the court's finding of the age difference? The additional support is the victim impact letter It's the letter itself? Correct, which the court was permitted to rely on and the defendant did nothing to rebut that I think critically here she says that there were times that she became uncomfortable continuing with the activity and that it was Young and Davis that pressured her and she gave in to that pressure which is at page ID 1663 And I think that falls well within this court's Wallace decision in 2015 It says that even if a victim is a willing participant that seeks out this activity the question is whether the defendant unduly influenced the victim to participate in activities she normally would not have done or would continue participating in activity At one point she did say no That's what her letter states, that she was uncomfortable participating and that they were pressuring her to continue Counselor, how did they unduly pressure her? She did not give a specific example She said that she became uncomfortable participating and that they pressured her and I would also say that her drug addiction There's no facts that show that they pressured her? Just her assertion that she was pressured That's just a conclusion, isn't it? Can we rely on that? I think you can, it's a factual assertion I think it has an addition of reliability Just a conclusion, I think I would suggest that Davis critically did nothing to rebut that assertion and it was his obligation to do so particularly given that he has The other problem I have is that the age is a rebuttable presumption It's not a conclusive presumption It appears that you're almost arguing that it's a conclusive presumption here We have to look at the facts, that's all I'm struggling to find facts that support undue influence here She is addicted, she's young but how did Davis act to unduly influence her? That's what I'm trying to find out and I don't see a lot of evidence about that The youth, the drug addiction, her mind is altered He has a sexual relationship That's the way she shows up, so that's her and then he unduly influences her in addition to what she is and I don't know what he did Well, she did make the assertion that he had pressured her to continue and I think that's enough with the fact that he did not do anything to rebut Do you agree that if the district court erred in scoring the guidelines that your cross-appeal is moot? because we have to send it back to resentencing? Correct, it would be moot If we send it back to resentencing what do we do with your initial objection to the failure to score obstruction of justice that you later withdrew in the district court Does the district court deal with that? or is it forfeited because you withdrew your objection? Your honor, I had not considered that issue I think it would depend on if it was a general remand certainly there's an argument if we had withdrawn it and I apologize, I don't know It would be possibly a forfeited issue Okay, you would agree that it's forfeited if you withdrew it? Your honor, I unfortunately don't recall whether or not it was withdrawn I assume it was He was acquitted Page 4 of the sentencing proceeding of December 21st and this is the U.S. attorney, Mr. Sterling and for the purpose of making the record clear at this time the government will move to withdraw that objection In that case, your honor The failure of the PSR not to have an enhancement for obstruction of justice it's before the district court and then it's withdrawn and I think the rule is quite clear that to preserve an issue, there must be an objection and here, there isn't any one there isn't an objection anymore I fail to see how if we were to remand it for resentencing that issue would still be alive but if you can come up with an argument if we were to remand for resentencing I think we have to give guidance to the district court and I'm not quite sure what we do with this so I guess I'd like to know your position Well, I think we would be foreclosed for arguing that enhancement because we withdrew it previously this court could issue a limited remand simply to consider the issue that assuming the court finds error as to one guideline calculation but I think it would depend on whether it was a general or a limited remand I see my time is up I would like to follow up on Judge Clay's question about the age that is involved we do clearly have the distinction the 16 or 17 years difference is there case law that suggests that while this is a rebuttable presumption it functions in perhaps an irrebuttable way when a child is involved I have not seen anything as to that if the court would like additional like a supplemental letter I could look into that and provide that to the court to see if there is something available otherwise it's a question of proof even if it's someone young I would agree that an underage victim would never be able to legally consent whether that plays into the undue influence I think is a separate question Davis knew that she was underage because he commented that she looked young in the car they wouldn't post the photos of her in the online advertisements  and he had to return her to her father's house before her father got home because she was a minor if the court would like additional like a 28-J letter I would be happy to do that thank you unless this court has further questions the government would respectfully request that this court affirm the district court's guidelines but reverse and remand this case for re-imposition of the originally imposed guideline life imprisonment sentence that was valid when it was imposed  you got a situation where a mother is encouraging her daughter to engage in activity of this nature I think you've kind of overcome the presumption right there of Mr. Davis' undue influence on her more than one person could be undue influence in this child to follow up on your questions there's scant little evidence in the record that even suggests this well the mother wasn't there when these events unfolded I don't know why you're bringing that up she had engaged in this type of behavior previously and her mother had encouraged her well yeah but she wasn't there when all these events transpired I understood but it's not a situation where Mr. Davis corrupted this child that he forced her into this kind of behavior I think we've touched on that issue I'd like to turn to the state's appeal on the reopening of the sentencing what happened below would only be found to be error if the court looks at it purely through the lens of criminal rule 35 and we would suggest that that is not what the court did in this case criminal rule 35 does not control if you accept the fact that imposition we're talking about imposition of sentence if imposition is defined as the action or process of imposing something or something being imposed that suggests that sentence is not imposed until the formal entry of judgment isn't the problem a constitutional one a defendant has a right to face the judge and hear the judge's sentence so it seems to me that the problem here is that rule 35 really doesn't address it it addresses an error and I certainly understand that it seems that it's very reasonable for a judge to be able to rethink but I keep hitting the constitutional issue why isn't imposition of a sentence at the time that the court fulfills the constitutional mandate to look the defendant in the eye and to pronounce sentence isn't that the reason that oral pronunciation in a number of cases is said to be the imposition of the sentence the cases with which I am familiar where the sixth amendment issue arose were situations where the court entered a judgment written judgment different from the oral judgment pronounced in court in the presence of the defendant this case does not have that problem Mr. Davis was present at both the original sentencing hearing and at the resentencing hearing so we don't have a sixth amendment issue with respect to the defendant's presence before the court and we also do not have the case where we have a written judgment which conflicts with the oral judgment there are several cases that deal with that situation this one's different the defendant was before the court the court pronounced its life sentence several days later the court reconvened the sentencing hearing with the defendant present and reduced the sentence to a 360 month sentence I then entered written judgment accordingly so this is different, this is somewhat of a different animal and it only makes sense to to look to the entry of the written judgment because a defendant's time for appeal under criminal rule 41 does not even begin to run until there is an entry of judgment and without the written judgment there is no formal mechanism in place by which to execute the sentence on what does the Bureau of Prisons rely? there's nothing in writing they make a phone call I don't think so because the oral imposition of sentence when it says sentencing is defined as the oral pronouncement of sentence that addresses the question of sentencing it does not address the question when is the sentence imposed? well that's what the cases say that the sentence is imposed when it's orally pronounced that's what the overwhelming body of case law says there is a line of authority out of this circuit that says that the court speaks only through its journal it's the written judgment that controls and that's the Martin case and there are, I think, Osten but those are not cases that address the issue when sentencing is imposed those cases say that it's imposed when it's orally pronounced that defines sentencing it does not define imposition of sentence and I think that there are cases out of the 11th circuit I did not cite them but the court, if we're to look to those cases that is an issue in that circuit and I would suggest that given the current status of the case law in this circuit, it's also an issue here that needs to be addressed when is the imposition of sentence? sentencing is when the oral pronouncement of sentence takes place that does not answer the question of when is that sentence imposed and we submit that that sentence is not imposed until it is a formal judgment upon which the sentence can be executed and upon which the Bureau of Prisons and other entities can rely otherwise, you're operating in a vacuum the only people who know what the sentence was were the people inside the courtroom if you don't have the written judgment memorializing that and the time for appeal does not begin to run Your opposing counsel speaks to the policy problems with not having the imposition occur at the oral statement in the court what is your response to that? Well, look, if we want sentencing judges to have discretion to do what they feel is right for a particular defendant under a particular set of facts then what Judge Zuhairi did should be commended he reflected it took him some time, obviously it was a few days before he reconvened but the words of defense counsel at the time of sentencing were obviously resonating in his head because when he came back to reconvene the sentencing hearing he said as much and so if the judge is going to have discretion to do what's right let's let them have it and we think that there's statutory basis for this in 18 U.S.C. 3551, 3582C, and 3553 so we submit that the court did have the discretion and it operated within the bounds of that discretion and acted before it imposed the sentence Do you have any case that distinguishes between situations in which there's a conflict between the judgment and the oral pronouncement and the situation here where there's no conflict there was just a continuance or a second taking of the imposition? I think that the government cites a couple of cases in its briefs, I think Arroyo out of this circuit and I think perhaps the Houston case come close to that but again they're not on all fours with the question before this court I see that you're out of time and the case will be submitted the court will take a recess and we'll return shortly for the remainder of the day